IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA J. CARTER,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4747 |
| | : | |
| UPSTART NETWORK INC.,<br>　　Defendant. | : | |

## MEMORANDUM

**MARSTON, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**January 8, 2024**

Plaintiff Linda J. Carter initiated this civil action by filing a *pro se* Complaint against Upstart Network Inc. ("Upstart") that purports to bring claims under the Fair Credit Reporting Act ("FCRA"). (Doc. No. 2.) She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Carter leave to proceed *in forma pauperis* but dismiss her Complaint without prejudice, allowing her leave to amend.

**I.　　FACTUAL ALLEGATIONS**

Carter used the Court's general form complaint to prepare her pleading. She cites the FCRA as the basis for the Court's jurisdiction over her claims, (Doc. No. 2 at 3 (citing 15 U.S.C. § 1681p)),[1] and alleges that the events giving rise to her claims took place in Philadelphia from October 2022 through the present, (*id.* at 4). However, in the sections of the form that ask for information about the facts giving rise to the claims being pursued, the injuries suffered, and the relief sought, Carter wrote "see attached." (*Id.* at 4–5.) She did not, however, attach any further papers, exhibits, or documents to her Complaint.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.     STANDARD OF REVIEW

As an initial matter, the Court will grant Carter leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Carter's Complaint if it "fails to state a claim on which relief may be granted." This analysis is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Muchler v. Greenwald*, 624 F. App'x 794, 797 (3d Cir. 2015). Thus, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [Plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Carter is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a *pro se* complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  In determining whether a pleading meets Rule 8's "short and plain statement" requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "Naturally, a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id*.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

Carter's Complaint is best construed as raising claims under the FCRA, which was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  However, the Complaint fails to comply with Rule 8 or state a claim under the FCRA because Carter provides no factual allegations in support of her claims.  Carter has failed to explain what Upstart did to allegedly violate the FCRA, describe any injuries she

suffered, or demand any specific relief from the Court. Instead, she merely wrote "see attached" but failed to attach any relevant documents. (Doc. No. 2 at 4–5.) Accordingly, her Complaint is far too "vague and ambiguous" to proceed. *Garrett*, 938 F.3d at 94.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Carter leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice. Carter will be given leave to file an amended complaint which should outline the factual basis for her claims. An appropriate Order follows, which provides further instruction about the amended complaint.