IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA J. CARTER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4747 |
| | : | |
| UPSTART NETWORK INC., | : | |
|     Defendant. | : | |

MEMORANDUM

**MARSTON, J.**                                                                                     February 9, 2024

Currently before the Court is *pro se* Plaintiff Linda J. Carter's Amended Complaint against Upstart Network Inc. ("Upstart") (Doc. No. 6), which asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. For the following reasons, the Court will dismiss Carter's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and give her a final opportunity to amend her complaint with respect to her claim under § 1681s-2.

**I.      FACTUAL ALLEGATIONS**[1]

Carter alleges that in October of 2022, she noticed that her credit report from Experian contained "inaccurate information" in that it incorrectly contained the marker "'ND'[2] for several

---

[1] The facts set forth in this Memorandum are taken from Carter's Amended Complaint. The Court previously dismissed Carter's initial Complaint pursuant to Federal Rule of Civil Procedure 8 because she failed to allege any facts giving rise to her claims and, to the contrary, rested her claims on an "attached" document that she failed to attach. (Doc. Nos. 4, 5.)

[2] The Court's own research indicates that "ND" means that there is no data for this time period. *See Understanding Your Experian Credit Report,* Experian, https://www.experian.com/blogs/ask-experian/credit-education/report-basics/understanding-your-experian-credit-report/#:~:text=Examples%20of%20payment%20status%3A,CLS%3A%20Closed (last accessed February 8, 2024)

months and no consecutive late payments." (Doc. No. 6-1 at ¶¶ 4–5.)[3] The Amended Complaint implies that Carter also noticed inaccurate information in her credit reports from TransUnion and Equifax. (*Id.* at ¶ 6.) While Carter does not say as much, the Court presumes that the inaccurate information in all three reports pertained at least in part to an account she had with Defendant Upstart.

Carter subsequently filed a "dispute letter" with Experian, TransUnion, and Equifax regarding the "inaccurate information found on each credit report." (*Id.*) In November 2022, Carter received notices back from the three credit reporting companies. (*Id.* at ¶¶ 7–9.) The notice from Equifax indicated that, following an investigation, "the account had been removed." (*Id.* at ¶ 7.) TransUnion responded that "the information . . . had been updated and verified as accurate with a balance of $2,952 and 120 days past due." (*Id.* at ¶ 8.) Carter alleges that this updated information was still inaccurate. (*Id.*) And finally, Experian updated Carter's report to show "late payment . . . with a balance of 0" rather than "ND." (*Id.* at ¶ 9.)

In January of 2023, Carter logged into her Upstart account and noticed that, as of March 30, 2022, the account had been "sold to a debt collector." (*Id.* at ¶ 10.) Carter contends that this sale results in a forfeiture of Upstart's right to collect upon the account. (*Id.*) Carter further contends that she previously "tried to resolve claims legally." (*Id.* at ¶ 11.) The Court's own research indicates that Carter filed a lawsuit against TransUnion Data Solutions relating to purportedly inaccurate information in her credit report, including late payments to Upstart. *See Carter v. Transunion Data Solutions*, No. 23-cv-289 (E.D. Pa. Jan. 24, 2023). This case closed in May of 2023, following a stipulation of dismissal from both parties. *Id.* As of June 2023, Carter claims that the Upstart account was removed from TransUnion's report. (Doc. No. 6-1 at

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system. The paragraph numbers reflect those included in the attachment to the Amended Complaint (Doc. No. 6-1 at 1.).

¶ 12.) However, Carter asserts that Experian is still reporting inaccurate information. (*Id.* at ¶ 13.) She claims that this inaccurate information caused her to be denied credit from both American Express and Barclays. (*Id.* at ¶¶ 18–19.)

Based on those allegations, Carter alleges that Upstart violated the FCRA, specifically, 15 U.S.C. §§ 1681i(a)(1) and 1681s-2(a)(1)(A). (*Id.* at ¶¶ 14–15.) Carter alleges that "Upstart Network Inc willfully and knowingly violated the FCRA by failing to comply with the duties, requirements, and responsibilities after being notified by three different reporting agencies." (*Id.* at ¶ 20.) She seeks damages and equitable relief pertaining to her credit report. (*Id.* at ¶¶ 21–24.)

## II.     STANDARD OF REVIEW

Since Carter is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it "fails to state a claim on which relief may be granted." This analysis is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Muchler v. Greenwald*, 624 F. App'x 794, 797 (3d Cir. 2015). Thus, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

As Carter is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules – they must abide by the same rules that apply to all other litigants.'" *Id.*

In sum, "'[a]t this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations will not suffice. *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014); *cf. Donohue v. C. Blosenski Disposal Co.*, No. 05-5356, 2006 WL 3423888, at *1 (E.D. Pa. Nov. 28, 2006) ("While the FCRA does not explicitly define, 'furnisher of information,' the Courts have defined the term to mean 'an entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency.'"). "The FCRA confers on a consumer a right to have the negative information on his or

4

her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).

Carter invokes two sections of the FCRA: § 1681i(a)(1) and § 1681s-2(a)(1)(A). However, she has failed to state a claim against Upstart under either provision. First, under § 1681i(a)(1)(A), if a consumer disputes the completeness or accuracy of information contained in her file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." This provision, however, which describes only the responsibilities of consumer reporting agencies (such as Experian, TransUnion, and Equifax), cannot be a basis for liability for furnishers of information (such as Upstart). *See Harris v. Pa. Higher Educ. Assistance Agency / Am. Educ. Servs.*, No. CV 16-693, 2016 WL 3473347, at *5 (E.D. Pa. June 24, 2016), *aff'd*, 696 F. App'x 87 (3d Cir. 2017) (dismissing claim under § 1681i where there was no allegation that the defendant was a consumer reporting agency); *Gomez v. Bayview Loan Servicing, LLC*, No. 3:14-CV-04004-CRB, 2015 WL 433669, at *6 (N.D. Cal. Feb. 2, 2015) (finding § 1681i(a) "inapplicable because that provision describes the duties of a *consumer reporting agency* in the event of a dispute, not the duties of a furnisher of information" (emphasis in original)). Since it appears that Upstart is a creditor and furnisher of information rather than a consumer reporting agency, Carter cannot state a claim against it under § 1681i(a)(1)(A). Her claim under this provision is therefore dismissed with prejudice.

Second, Carter invokes § 1681s-2, which relates to the duties and responsibilities of furnishers of information. As an initial matter, while Carter cites to § 1681s-2(a)(1)(A), relief under that provision is unavailable to her. The FCRA has several provisions that create liability for violations of the Act. *SimmsParris*, 652 F.3d at 358. However, "§ 1681s-2(b) is the only

section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (per curiam) (internal quotations omitted) (quoting *SimmsParris*, 652 F.3d at 358); *see also Pearsall v. JP Morgan Chase Bank*, No. CV 21-3911, 2022 WL 1664344, at *2 (E.D. Pa. May 24, 2022) (providing that "[a] consumer cannot bring a private action against a creditor for furnishing inaccurate information under § 1681s-2(a)" because "[e]nforcement of this provision lies exclusively with certain federal and state officials"). Applying a liberal construction to the Amended Complaint given Carter's *pro se* status, the Court will assume that she intended to bring this cause of action under § 1681s-2(b), not § 1681s-2(a)(1)(A). *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (noting that for *pro se* complaints, the court should "apply the relevant legal principle even when the complaint has failed to name it"). Nevertheless, Carter has failed to state a plausible claim under this provision.

To state a claim under § 1681s-2(b), Carter must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris*, 2016 WL 3473347, at *6; *see also* 15 U.S.C. § 1681s-2(b). Moreover, "[a]s a threshold matter, the consumer must establish that the furnished information is inaccurate." *Shareef v. Chrysler Cap.*, No. CV 21-3858, 2022 WL 1045533, at *3 (E.D. Pa. Apr. 7, 2022). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017).

Carter has failed to state a claim under this standard because the nature of the accounts and disputed information is unclear. Although Carter alleges, in conclusory fashion, that the

information contained in her credit report is incorrect (*see* Doc. No. 6 at ¶¶ 4–6, 8, 12–13), she does not describe the nature of her account at Upstart or explain with any clarity *why* the reported information was incorrect. Given this vagueness, Carter has failed to state a claim under § 1681s-2(b). *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (holding that plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *Villalobos v. Citi Bank NA*, No. 22-1837, 2023 WL 3035315, at *5 (M.D. Pa. Feb. 2, 2023) ("Plaintiff has provided no information about what the negative credit information consisted of (aside from allegations that it was related to a BestBuy credit card), and has failed to explain in what respect the reported information was false."); *Gittens v. Sterling Jewelers Inc.*, No. 15-CV-5872 (KM), 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) (dismissing claim under § 1681s-2(b) in part because the complaint did not make clear "what the negative credit information consisted of, or in what respect it was false").

IV.     **CONCLUSION**

For the foregoing reasons, the Court finds that Carter has failed to state a plausible claim under the FCRA and will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. No. 6.) Carter's claim arising under § 1681i(a)(1) will be dismissed with prejudice, because it cannot be cured through an amended pleading. However, because the issues with Carter's claim under § 1681s-2 could be cured through more articulate pleading, dismissal as to that claim is without prejudice. Carter will be given one more opportunity to file

an amended pleading in the event she can cure the defects in her claims.  An appropriate Order follows, which provides further instruction as to amendment.